**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elzhigit Nurbekov, | No. CV-25-04353-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2241 that was referred to a magistrate judge for the preparation of a report and recommendation ("R&R"). (Doc. 4.) Following the referral, Petitioner also filed a motion for a temporary restraining order ("TRO"). (Doc. 14.) On April 8, 2026, the R&R issued. (Doc. 18.) It concludes that the habeas petition, as well as Petitioner's motion for a TRO, should be denied. (*Id.*) Petitioner has now filed objections to the R&R. (Doc. 19.)

Petitioner's objections implicate 28 U.S.C. § 636(b)(1), which provides that when, as here, a magistrate judge has issued an R&R regarding a dispositive matter and a party has thereafter filed timely written objections, "[a] judge of the court shall make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3). As the

Ninth Circuit has explained, "[i]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (cleaned up). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted).

The Court has performed a *de novo* review of the R&R and agrees with its conclusion that the habeas petition and TRO motion should be denied.[1] Petitioner was taken into immigration custody in November 2024, as he applied for admission at the border, and has remained in immigration custody since that time while pursuing a claim of

---

[1] Although Petitioner raises objections to certain factual statements and alleged omissions in the R&R (Doc. 19 at 2-3), the outcome here does not turn on those disputed facts. Nor is there any merit to Petitioner's contention (Doc. 19 at 3-5) that Respondents should be deemed to have waived or forfeited the grounds for denying relief identified in the R&R. Among other things, Respondents' response brief asserted that "Petitioner is not entitled to any procedure beyond that which is prescribed by statute" and cited *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), which is one of the cases on which the R&R relies. (Doc. 11 at 2 n.2, 4.) At any rate, courts "have discretion to overlook forfeiture in exceptional cases including when the issue presented is purely one of law." *United States v. Valle*, 940 F.3d 473, 480 n.7 (9th Cir. 2019). Such is the case here.

asylum. (Doc. 18 at 1-2.) At issue is whether Petitioner has a constitutional right to a bond hearing during the pendency of his removal proceeding. (Doc. 12 at 4 ["Petitioner is not arguing a statutory right to release, or a right to a periodic bond hearing. Rather, his claim is based in that basic notions of due process compel the conclusion that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."].) The R&R acknowledges that some "district judges in the Ninth Circuit" have found a constitutional right to a bond hearing in this circumstance but notes that "at least some judges in this District"—including the undersigned in *Ibarra-Perez v. Howard*, 468 F. Supp. 3d 1156 (D. Ariz. 2020)—have determined otherwise. (Doc. 18 at 8-9.) The R&R "concludes that Petitioner has no due process right to release on any basis from his current detention under § 1225(b), except as provided by Congress." (*Id.* at 9.) The Court agrees with that conclusion for the reasons stated in the R&R, in *Ibarra-Perez*, and in two other recent decisions addressing the same issue. *Mamedova v. Noem*, 2026 WL 1162282 (D. Ariz. 2026); *Savin v. Rivas*, 2026 WL 1162384 (D. Ariz. 2026).

Finally, to the extent Petitioner contends in his objections to the R&R that he is pursuing an independent due process claim based on Respondents' failure to adjudicate his parole requests (Doc. 19 at 2, 4), no such claim is fairly raised in the habeas petition, which only mentions the unresolved parole requests in passing (Doc. 1 ¶¶ 17, 25-26) and clarifies that "[t]he sole issue here is whether unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process." (*Id.* ¶ 37. *See also* Doc. 14 at 2 [TRO motion: "Mr. Nurbekov has acknowledged his detention under 8 U.S.C. 1225(b). The sole issue here is whether unreasonably prolonged detention under 8 U.S.C §1225(b) without a bond hearing violates due process."].)

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1.    The R&R (Doc. 18) is **accepted**.

2.    The § 2241 petition (Doc. 1) is **denied**.

3.    Petitioner's motion for TRO (Doc. 14) is **denied**.

4.    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of May, 2026.


Dominic W. Lanza
United States District Judge

- 4 -